Carl G. **UNDERWOOD**, Claimant (Social Security Account Number 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), Appellee,

v.

Abraham A. **RIBICOFF**, Secretary of Health, Education and Welfare, Appellant.

No. 8458.

United States Court of Appeals Fourth Circuit.

Argued Nov. 13, 1961.

Decided Jan. 4, 1962.

David L. Rose, Atty., Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Terrell L. Glenn, U. S. Atty., Columbia, S. C., and Alan S. Rosenthal and Jerome I. Levinson, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Henry T. Chance, Augusta, Ga. (Harris, Chance, McCracken & Harrison, Augusta, Ga., Dorcey Lybrand, and Lybrand, Simons & Rich, Aiken, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal from the decision of the District Court for the Eastern Dis-

trict of South Carolina, holding that there was no substantial evidence in the Record to support a final determination by the Secretary of Health, Education and Welfare that the Claimant has failed to establish satisfactorily his inability to engage in "any substantial gainful activity" within the meaning of Sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i), 423 and, therefore, that Claimant was not entitled to a period of disability or disability insurance under the Act. After overruling the Secretary's finding, the District Court substituted therefor its own finding that on the substantial evidence in the Administrative Record, Claimant was unable to engage in "any substantial gainful activity" and that he was, therefore, entitled to (1) have a period of disability under Section 216(i), and (2) receive disability insurance benefits under § 223 of the Act.

■ The narrow issue presented by this case is whether or not the District Judge erred in rejecting the finding of the Secretary that Claimant was not precluded by his physical condition from holding any substantial gainful employment. If we find the District Court not to be in error on this point, we must then determine whether the findings substituted therefor by the District Court are properly supported by the evidence. United States v. Certain Interests in Property et al., 296 F.2d 264, Civil No. 8280, C.A., 4 Cir., Nov. 6, 1961. If there is substantial evidence in the record to support the finding of the Secretary, the District Court cannot set it aside. 42 U.S.C.A. § 405(g). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding must be affirmed. United States v. Certain Interests in Property et al., supra.

In this case, there are four elements of proof to be considered in making a finding of Claimant's ability or inability to engage in any substantial gainful activity. These are: (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age.

For the purpose of making a finding of fact on this issue, the fact finder must recognize the obvious interrelation of these elements of proof. The objective medical findings may show more or less clearly the existence of certain clinically determinable physical or mental impairments. However, a recitation of objective, clinical findings will seldom show, without more, the over-all effect of these impairments on a particular individual. This is a matter of medical judgment to be decided with reference to the individual's general physical condition and the state of development of each of the defects. The expert medical opinion of treating or examining physicians on these subsidiary questions of fact will in most cases be essential in determining with respect to a particular individual the severity of an objectively determinable physical impairment. This subsidiary question of fact is distinguishable from the ultimate question of fact in issue in the case.

■ The ultimate fact in issue; that is, Claimant's ability or inability to engage in any substantial gainful activity, is not to be resolved, however, solely on the basis of medical opinion evidence as to this ultimate fact. Opinion evidence on this issue is without weight. United States v. Spaulding, 293 U.S. 498, at 506, 55 S.Ct. 273, 79 L.Ed. 617 (1934). This is a matter for administrative determination. Though Spaulding is distinguishable on the facts from the instant case, we deem it clear that the principle there laid down is equally applicable in actions for judicial review of an administrative finding made pursuant to 42 U.S.C.A. § 416(i) (1) (A).

However, expert medical diagnostic opinion and evidence, alone, may not enable a fact finder properly to determine whether or not such limitation of capacity amounts to disability within the terms of the Act. Where it is not possible to reach a determination on such evidence it then becomes necessary to consider subjective testimony to determine accurately the effect of these impairments upon the Claimant. Such evidence may be entitled to great weight on the matter of disability, especially where such evidence is uncontradicted in the record. Even where medical opinion is very strong in favor of disability, this subjective evidence will always be a significant source of corroboration.

Yet these first three elements will not conclusively determine whether Claimant is disabled within the meaning of the Act. Thus, even though severe physical limitation be established, it is still necessary in applying the legal standard to relate this limitation to the Claimant's work history and educational background. Butler v. Flemming, 288 F.2d.591 (5 Cir. 1961). Indeed, the Secretary's regulations, after setting forth examples of impairments which would ordinarily be considered as preventing substantial gainful activity, expressly provide: "Conditions which fall short of the levels of severity indicated must also be evaluated in terms of whether they do in fact prevent the individual from engaging in any substantial gainful activity." Subpart P, ¶404.1501 (d).

■ We pass now to a consideration of the facts of this particular case. This Record contains the reports of seven physicians who examined Claimant between December 21, 1953, and May 20, 1959. Each report contains a statement of the objective medical findings made by the examining physician.

Claimant was treated weekly by Dr. Thomas J. Howard during the period between February 25, 1958, and April 7, 1958. Prior to February 25, 1958, Claimant's medical record shows a history of hypertensive cardio-vascular disease, chronic bronchitis and emphysema, a myocardial injury, coronary heart disease, and of a disc condition in the lumbar region. Dr. Howard diagnosed severe emphysema. He noted acute respiratory attacks and dyspnea on slight exertion and that Claimant's vital respiratory capacity was 75% below normal. He also found many ronchi and rales in the chest. As to Claimant's heart, he found mild cardiac decompensation, a left cardiac enlargement, and he gave Claimant a cardiac functional capacity of Class III (marked limitation of physical activity). With respect to Claimant's back, Dr. Howard found osteoarthritis of the sacro-iliac spine, and a possible disc condition. He also found *general* arteriosclerosis. He diagnosed a possible aortic aneurism, a most serious condition, if it does, indeed, exist.

Dr. Howard classified Claimant's condition as progressive rather than static and noted that only slight improvement is possible, if any is possible at all. He stated that he had advised Claimant not to work and noted, "not able to do any type of work".

The results of an examination of Claimant conducted at Government request by Doctors Reeves and Levy on May 5, 1959, far from negating Dr. Howard's findings, add additional weight to them. These later findings are by any reasonable comparison consistent with those of Dr. Howard. Reeves and Levy both reported pulmonary emphysema, confirming Howard's diagnosis of lung disease. Reeves, like Howard, found generalized arteriosclerosis, the only difference being that Reeves classified it as "mild to moderate". He also confirmed Howard's finding of osteoarthritis of the sacroiliac spine, and noted a 20% limitation of flexion. He gave Claimant a cardiac functional capacity of Class I (no marked limitation). Reeves found high blood pressure. He made no comment as to a possible aortic aneurism. He also suggested a further evaluation with respect to Claimant's orthopedic condition.

Thus the only variation between the findings of Reeves and Howard goes to

the degree of seriousness of three of several adverse physical conditions, and not to the existence or non-existence of these conditions. Howard found *severe* emphysema while Reeves said it was only *mild*. Both found generalized arteriosclerosis, but Reeves said it was only mild to moderate. Howard found a possible aortic aneurism. Reeves did not find that such condition *did not exist,* but rather omitted to make any mention of it. Consideration here should be given to the fact that Howard was Claimant's treating physician, where as Reeves saw him only once for a routine examination.

Thus the objective medical facts in this record show the existence of heart disease, lung disease, generalized arteriosclerosis, an orthopedic disorder, and a possible severe aortal condition. At no point do *any* of the objective medical facts effectively refute the existence of these physical impairments. The only conflict is over the degree of severity of several of them. The expert medical opinion of the physicians on the essential subsidiary factual questions of the Claimant's physical and mental capacity for resistance and adaptability, and the degree of development of his ailments to such a finding is thus the crucial question. The only opinion evidence on this point is that of Dr. Howard that Claimant could not do "any type of work".

This expert judgment is not met or contradicted by any other expert judgment. There is nothing in the record to counter the weight it lends to a finding of disability. This judgment may not be, as noted above, considered as conclusive on the ultimate fact in issue; e. g., Claimant's ability to engage in substantial gainful activity. It does, however, reflect Dr. Howard's opinion of the severity of Claimant's impairments, the degree of their development, and the Claimant's physical and mental capacity to resist or adapt to them. It is a proper basis for an evidentiary inference on these matters.

The subjective evidence shows that he is subject to general weakness, throbbing headaches, pain in the left chest, dizzy spells, and shortness of breath. He testified that he could not do anything requiring moderate physical exertion, that if he hurried while walking or if he climbed stairs he became weak and short of breath. This was all corroborated by the testimony of his wife and of several neighbors. He also complained of severe low back pains which radiated upward and were accompanied by pain and cramps in the legs and arms. This evidence was not contradicted in any material particular and certainly is consistent with the established defects in Claimant's physical condition.

That part of the record examined so far does not give appreciable support to a finding that Claimant was able to engage in a substantial gainful activity. Quite the contrary, it gives overwhelming support to a finding that Claimant could not do hard or moderate manual labor, and, indeed, that he could not maintain even slight exertion for any appreciable length of time.

The record shows that Claimant is now nearly sixty-five years old. He was not educated beyond high school. After World War I he worked as a millwright, building and placing heavy machinery. He was later employed as a demonstrator and service man on heat treating of bed sheet steel. This work did not require severe physical exertion, but it did require that Claimant be able to actually perform the various procedures, since he taught by demonstration. He later worked on the construction of the Government installation at Oak Ridge, of Clarke's Hill Dam, and the Savannah River Project. In these latter jobs he worked as a foreman of a crew of blacksmiths, welders, and pipefitters. Claimant left the Savannah River Project in 1954 and received unemployment compensation for sixteen weeks. He later attempted to hold a job repairing diesel tractors on the St. Lawrence Seaway Project, but had to leave after two days because of inability to do the work. He has not been employed since that time.

It is clear from this work history that Claimant's training and experience equip him only for work which involves a con-

siderable amount of physical exertion; that he is dependent for his living upon the ability of his body to function at near capacity. If this be so, then Claimant is unable to perform any substantial gainful activity and is, therefore, disabled within the meaning of the Act. It is our conclusion that this is the case here and that there is no substantial support in this record for the Secretary's finding to the contrary. The Referee's report tends to fractionalize the several ailments and to treat each one in isolation as a clinical medical problem rather than treating it within the framework of Claimant's work history, educational background, and age. He has, on the basis of this record, no educational background that would prepare him for a desk job, nor for any other type of sedentary employment that might reasonably be available to him. We feel that the Referee did not give sufficient weight to these considerations.

In Butler v. Flemming, supra, Claimant was a man 55 years of age who was qualified by education and experience only for hard manual labor. When his physical condition precluded him from holding such employment he ran a domino parlor for a few years and subsequently was forced to give this up. The Secretary found that this showed a capacity for some kind of sedentary work. The Court found no evidence in the record of any type of occupation that Claimant could hold. It concluded, " * * * [The Claimant] was not required by the use of a catalogue of the nation's industrial occupations to go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment". (At p. 595 of 288 F.2d). We agree that such a requirement of proof is too stringent and unrealistic to be imposed. It strikes us that this is in practical effect, the result of the Secretary's position in this case.

Further, the Referee gave inadequate consideration to the possibility of severe orthopedic trouble. This is a physical defect that is notorious in medical circles for difficulty of clinical proof. There are objective findings in this record pointing to a severe back ailment. This is confirmed by a repeated finding of a possible disc condition in the back. The Referee gave inadequate consideration to the tie-in between these objective findings and the subjective evidence of severe radiating pains in the back and inability to withstand slight exertion because of them. We note that Reeves, the medical examiner for the Government, was not satisfied on this point and suggested a further orthopedic evaluation. It does not appear from the record that such evaluation was ever undertaken. Had this been done, it might have substantiated Claimant's repeated complaints of a back ailment.

We think that it is possible to make a finding of nondisability on the basis of this record only if one adopts a highly technical and literal interpretation of the Act. We believe that on the entire record, on the basis of the objective medical evidence, and of the substantial body of subjective evidence of incapacity, which is largely uncontradicted, and of the evidence of Claimant's work history, educational background, and age, the District Court was not in error in finding that this Claimant was precluded by reason of his physical condition from holding any substantial, gainful employment.

The Secretary has relied heavily on the following cases to sustain his contention that the Courts have consistently upheld administrative determinations in "disability freeze" cases: Wray v. Flemming, 181 F.Supp. 783 (W.D.Ark.1960); Stitely v. Fleming, 178 F.Supp. 357 (D. Md.1959); Julian v. Folsom, 160 F.Supp. 747 (S.D.N.Y.1958); Remington v. Folsom, 157 F.Supp. 473 (N.D.N.Y.1957). We wish to note that these cases are not in point here. In Wray there was conflicting expert medical opinion and the Court said only that the Commissioner was justified in relying upon the one favorable to him in making his finding of non-disability. In Stitely the objective medical evidence did not show a medically ascertainable impairment. In Julian the Claimant was only intermittently unemployed and had, in fact, been recently em-

ployed. The physical defect in Remington was found to be remediable and, therefore, not a valid basis of disability within the Act, which is not the issue here since Claimant's remediable ailments are not essential to a finding of disability.

The judgment below is therefore affirmed.

Affirmed.