**Mrs. Georgia W. TOSTO, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

**Civ. No. 485.**

United States District Court
E. D. North Carolina,
New Bern Division.
March 6, 1963.

Ward & Ward, New Bern, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., Eastern Dist. of N. C., Raleigh, N. C., for defendant.

LARKINS, District Judge.

This is an action by the plaintiff, Mrs. Georgia W. Tosto, to review a final decision of the Secretary of Health, Education and Welfare, the defendant, denying the plaintiff's application for a period of disability and disability benefits, as authorized by the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423.

The plaintiff filed an application with the Bureau of Old Age and Survivor's Insurance of the Social Security Administration on May 12, 1955, to establish a period of disability, alleging that she became disabled within the meaning of the Social Security Act on January 4, 1954. On March 14, 1958, the Hearing Examiner (formerly known as a referee) issued a decision finding that the claimant was not entitled to the establishment of a period of disability under the provisions of section 216(i) of the Social Security Act. On June 23, 1958, the Appeals Council affirmed the Hearing Examiner's decision.

On August 22, 1958 the plaintiff filed her Complaint asking that the decision of the Secretary of Health, Education and Welfare be reversed and that the plaintiff's claim be allowed for total and. permanent disability. On November 10, 1958, the defendant filed a motion to remand the case to the Secretary for further action, and on November 10, 1958, an order was entered by the Court allowing this motion of the. defendant. In furtherance of the Court .order of remand, the Appeals Council obtained additional evidence bearing on this case and the plaintiff's counsel was afforded an opportunity to examine this evidence before its admission.

On March 18, 1960, the Appeals Council affirmed the decision of the referee, basing its decision upon the evidence taken by the referee and also upon the evidence obtained by said Appeals Council. On May 26, 1960, the defendant filed an Answer denying the pertinent allegations of the plaintiff's complaint with respect to the request for a finding of disability. On August 29, 1960, the defendant filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, and also filed a Memorandum of Law in support thereof. On September 13, 1960, the plaintiff filed her Motion and Cross-Motion for Summary Judgment. On December 12, 1962 a pretrial conference was held, and, at that time plaintiff was granted leave to file a Memorandum of Law in support of her position. (The same has now been submitted to the Court.)

The record discloses that the plaintiff was born February 25, 1902, and received only an eighth grade education. She is married and has two grown children. (She is now a widow, her husband having died recently.) Mrs. Tosto was continuously employed from 1933 until her illness on January 4, 1954 as a sewing machine operator or seamstress. She suffers primarily from arteriosclerotic (coronary artery) heart disease with angina pectoris. This condition has existed since she became ill at her place of employment on January 4, 1954, and she has

been under the constant care of a physician since that day. On the advice of various physicians, the plaintiff has not worked or attempted to work since the beginning of her illness.

Two physicians, Dr. F. M. Grady of New Bern, North Carolina, and Dr. Francis P. King, an internist practicing in New Bern, North Carolina, have regularly attended the plaintiff since the date of her illness. Dr. W. T. Parrott, Jr. examined plaintiff on May 4, 1954 at the request of The Amalgamated Insurance Fund. Dr. Clark Rodman of Washington, North Carolina, examined plaintiff on April 20, 1959 at the request of the Appeals Council. It is the opinion of the said physicians that the plaintiff is permanently disabled; and, all of them, except Dr. Rodman agree that she is unable to engage in any gainful employment of any kind, Dr. Rodman having stated that while claimant may be disabled as far as following any occupation requiring physical exertion, there did not seem to be any reason why she might not be able to do light work. (However, he did not describe "light work".)

Dr. F. M. Grady was called to plaintiff's place of employment when she first became ill. Dr. Grady continued to attend the plaintiff until July 15, 1955 when he referred her to Dr. King, an internist and heart specialist in New Bern, North Carolina. Both of these doctors have attended the plaintiff since the date of her illness and Dr. King continues to attend her on a regular basis. Dr. Grady's statement (page 87 of the record) was to the effect that plaintiff suffered from angina pectoris, hypertensive heart disease, and hypertension. It was the opinion of Dr. Grady that the plaintiff was totally and permanently disabled.

Dr. King stated that Mrs. Tosto had been under his care since July, 1955. On September 9, 1957, Dr. King made a statement as to the state of Mrs. Tosto's health. The statement appears on page 85 of the record, and reads as follows:

"This is to certify that Mrs. Georgia Tosto has been under my care for over two years. She has angina pectoris, a heart condition produced by arteriosclerosis (Hardening of the arteries) of the arteries leading to the heart muscle. Whenever she does any exertion she has pain in the chest. She also has arthritis of her upper spine, which also produces chest pain. Although her blood pressure and electrocardiogram is normal. This in no way invalidates the diagnosis. I have advised her not to work since any unusual or prolonged exertion produces pain. When employed she would be unable to control her activities and would likely aggravate her heart condition."

On May 14, 1958, Dr. King issued another statement similar to the one above. (Page 88 of the record.) The last sentence of this statement reads as follows:

"I have advised her not to work and consider her permanently and totally disabled to engage in any substantial gainful activity because of the angina pectoris."

Dr. W. T. Parrott, Jr. examined the plaintiff on May 4, 1955. The examination was made on behalf of The Amalgamated Insurance Fund for the purpose of determining plaintiff's eligibility to receive disability benefits. As a result of the examination, Dr. Parrott submitted a statement (pages 102 and 103 of the record contain this statement). At page 103 of the record the following questions were answered by Dr. Parrott:

"Q. Is applicant able to pursue any occupation?

"A. No.

"Q. When, in your opinion, did the applicant become totally disabled to the extent that she was wholly prevented from engaging in any occupation?

"A. By history January 4, 1954.

"Q. Has he (she) been totally and continuously disabled since that date?

"A. Yes.

"Q. In your opinion, is the applicant totally and permanently disabled to the extent that he (she) is and will be unable to resume any occupation?

"A. Yes."

As a result of the plaintiff's disability, The Amalgamated Life Insurance Company, Inc. has been paying her total and permanent disability benefits.

Dr. Clark Rodman, an internist practicing in Washington, North Carolina, examined the plaintiff at the request of the Appeals Council. The report of this examination is found at page 103 of the record. It was Dr. Rodman's opinion that the plaintiff was suffering with coronary arteriosclerotic heart disease with recurrent angina pectoris.

There is other important evidence in the record before this Court, but it is substantially the same as that discussed above and little could be gained by reviewing it. Suffice it to say that the uncontradicted evidence in the record does not substantiate the findings and conclusions of the Hearing Examiner and Appeals Council.

All of the physicians that have examined the plaintiff state that she is totally and permanently disabled. Her personal physician, Dr. King, had advised her not to engage in any employment of any type. He also advised her not to work any in her flower garden or to do anything requiring physical exertion. While it is true that the plaintiff carries the burden of proof in this case, the Secretary has not refuted the strong evidence of disability. The Government relies on statements from textbooks by various heart specialists to refute the examining doctors' diagnoses. It is interesting to note that not a single one of the specialists referred to by the Government examined the plaintiff. While this Court does not ignore the opinion of noted specialists in the field of heart study, it cannot accept their views in preference to those expressed by physicians who have personally examined the plaintiff on numerous occasions.

A recent case decided by the Court of Appeals for the Fourth Circuit, Underwood v. Ribicoff, 298 F.2d 850 (4th Cir., 1962), is strikingly similar to the one before this Court. In that case, the claimant suffered from a heart disease quite similar to that suffered by the plaintiff. The Appeals Council affirmed the Hearing Examiner's denial of disability benefits. At page 853 the Court speaking through J. Spencer Bell, Circuit Judge, had the following to say:

"That part of the record examined so far does not give appreciable support to a finding that Claimant was able to engage in a substantial gainful activity. Quite the contrary, it gives overwhelming support to a finding that Claimant could not do hard or moderate manual labor, and, indeed, that he could not maintain even slight exertion for any appreciable length of time." Id. at 853.

The Court concluded its opinion in the case by saying the following:

"We think that it is possible to make a finding of nondisability on the basis of this record only if one adopts a highly technical and literal interpretation of the Act. We believe that on the entire record, on the basis of the objective medical evidence, and of the substantial body of subjective evidence of incapacity, which is largely uncontradicted, and of the evidence of Claimant's work history, educational background, and age, the District Court was not in error in finding that this Claimant was precluded by reason of his physical condition from holding any substantial, gainful employment." Id. at 854.

Title 42 U.S.C. § 416(i) (1) (A) expressly states that disability must occur "* * * by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." There is no evidence in the record to show that plaintiff suffers from a remedial illness. On the

contrary, the evidence clearly establishes that she suffers from an illness described in Section 416 of the Act.

The Court has considered the tests set out in Underwood v. Ribicoff, supra, and is of the opinion that the evidence does not substantiate the conclusions of the Appeals Council in disallowing the plaintiff's claim.

The Clerk will enter judgment allowing the plaintiff's cross-motion for summary judgment and reversing the decision of the Secretary and remanding this cause for allowance of plaintiff's claim. The defendant's Motion for Summary Judgment is accordingly denied, this the 6th day of March, 1963.