**Walter R. HELTON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States, Defendant.**

**Civ. No. 2127.**

United States District Court
W. D. North Carolina,
Asheville Division.

Aug. 29, 1963.

John W. Ervin, Jr., Morganton, N. C., for plaintiff.

William Medford, U. S. Atty., Robert J. Robinson, J. O. Israel, Asst. U. S. Attys., for defendant.

WARLICK, District Judge.

This is an action by the plaintiff, Walter R. Helton, under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g) in which he seeks to have reviewed the final decision of the Secretary of Health, Education and Welfare denying his claim for a period of disability and for disability insurance benefits under 42 U.S.C.A. § 416(i) and 42 U.S.C.A. § 423(a).

The plaintiff filed his application to establish a period of disability and for disability insurance benefits on March 23, 1961, claiming therein that he had become disabled to engage in substantial gainful activity in November, 1954, due to a slipped disc in his back. His application was originally denied on August 21, 1961, and upon his request for reconsideration, the denial of his application was affirmed on April 9, 1962.

The plaintiff then requested a hearing before a Hearing Examiner and the hearing was conducted on October 9, 1962, at which time the plaintiff was present and offered evidence. On October 19, 1962, the Hearing Examiner filed his decision denying the plaintiff's claim and finding that plaintiff was not disabled within the terms and meaning of the Social Security Act.

The plaintiff then requested a review of the Hearing Examiner's decision, and, on December 18, 1962, the Appeals Council denied his request for review.

Thereafter, on February 12, 1963, the plaintiff filed a petition for review in

this Court. The requested review was heard at Asheville, at which time attorneys for both parties presented their oral argument. This hearing was held on motions filed by both plaintiff and defendant for Summary Judgment under Rule 56, Federal Rules of Civil Procedure (28 U.S.C.A.).

The only issue before the Court in this action is whether the final decision of the Secretary, that being the Hearing Examiner's decision of October 19, 1962, was supported by substantial evidence. Therefore, an examination of the entire record is necessary before a decision can be reached.

The record discloses that plaintiff injured his back when five 200-pound cartons fell upon him while working at Valdese Manufacturing Company in November, 1954.

The record further reveals that the plaintiff is forty-eight years old, is married and lives on a 29-acre farm near Granite Falls, North Carolina, with his family. Of a total of ten children, there are five at home with him and his wife. He has a fourth-grade education and his work experience has included work in textile mills, furniture factories and farming. Plaintiff has eight milk cows on his farm and sells the milk to a dairy for about $500 a year. He also has a garden but testified before the Hearing Examiner that he supervises his children in this work. In a statement of April 17, 1961, he did state that he averages working about 20 hours per week, and that he operated a tractor on the farm.

The medical evidence concerning the plaintiff reveals that he was first seen by Dr. Robert A. Pascal in November, 1954, at Valdese General Hospital immediately after he had injured his back at work. After a brief stay in this hospital, plaintiff was referred to an orthopedic surgeon in Charlotte, North Carolina, Dr. John A. Powers, who performed surgery upon plaintiff for an injured disc.

Dr. Pascal's resports, dated December 11, 1958, April 17, 1961, and December 10, 1961, and also his testimony before the Hearing Examiner indicate that he has been treating the plaintiff since the occasion of his injury in 1954. Dr. Pascal testified at the hearing that he gave plaintiff some demerol (a narcotic for pain) and miltown (a tranquilizer) on occasions at his office, but did not prescribe it for home use. Dr. Pascal noted stiffness in the lumbar area with loss of flexion and atrophy of the left leg with poor gait. However, he took no x-rays and did not describe the extent of restriction of back motion. He stated as his opinion that plaintiff was totally disabled to work.

Reports of Dr. John A. Powers of Charlotte, North Carolina, appearing in the record disclose a history of plaintiff's injury and relate that a laminectomy (operation for the removal of the vertebra arch) was performed by him on February 1, 1955; that convalescence was smooth, but that plaintiff continued to complain of back and leg pain. Pursuant to the request of the North Carolina State Board of Public Welfare, Dr. Powers examined plaintiff on October 28, 1959, and again on July 25, 1961. He found that plaintiff had good back motion in all directions and that he could bend to within 10 inches of the floor with his knees stiff. X-rays showed minimal narrowing of the interspaces of L–5 and S–1, with a moderate amount of hypertrophic arthritis between L–2 and L–3. The physician remarked that plaintiff handled himself fairly well and carried out ordinary activities in the office without discomfort. He added that plaintiff had a long history of nervousness. In his examination of July 21, 1961, he found no significant change from his examination of October 28, 1959, and he stated that plaintiff was able to handle himself as well on July 21, 1961 as he had before with no increase in the clinical findings and no change of any significance on x-ray evaluation.

Also with the authorization of the North Carolina State Board of Public Welfare, Dr. George W. Holmes of Winston-Salem, North Carolina, examined the plaintiff in February of 1962.

He described plaintiff as a well-developed and healthy appearing individual with good posture, walking with a slight limp. Examination revealed that forward bending (flexion) was limited to about 50 per cent and backward bending (extension) limited to about 20 per cent. The examiner found no muscle spasm in the low back. Some atrophy of the left thigh and calf was detected. Reflexes were within normal limits in the lower extremities except for a diminished left ankle jerk. There was full range of motion of the hips, knees, ankles and feet with no muscle weakness. X-rays of the lumbar spine showed that it was straight with a practically normal lumbar curve. There was a laminectomy defect at the fifth lumbar interspace and a slight amount of narrowing at the fourth lumbar interspace. The physician made a diagnosis of post-laminectomy syndrome and commented that it was a little difficult to connect the objective findings with plaintiff's rather severe complaints.

At the request of the State Board of Public Welfare a psychiatric examination was made by Dr. J. Taylor Vernon of Morganton, North Carolina, in February, 1962, after reference had been made to plaintiff's nervousness in a previous medical report of Dr. Powers. The examiner reported that plaintiff appeared healthy and outwardly composed. He told the physician that he felt nervous, had anxiety attacks of generalized weakness and gross tremulousness with palpitation of the heart. However, these attacks were apparently fairly well controlled by medication and rest. The examiner remarked that plaintiff was neither deluded or hallucinated and was oriented in all spheres. His memory was intact and intelligence was average with no evidence of intellectual deterioration. His mood was primarily one of tension and he admitted that medication helped the nerves. A diagnosis of anxiety reaction was made but aside from tenseness and nervousness, the examiner elicited no mental abnormalities.

The term "disability" as defined by the Social Security Act, 42 U.S.C.A. § 416 (i) means:

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

The scope of review in this type of case is well settled. By Section 405 (g) it is provided that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." And such appeal from the final decision of the Secretary is to be considered on the record transmitted here by the Secretary, considered as a whole. Goldman v. Folson, 3rd Cir., 1957, 246 F.2d 776; Harris v. Ribicoff, W.D.N.C., 198 F.Supp. 861.

The Fourth Circuit Court of Appeals in Underwood v. Ribicoff, 298 F.2d 850 sets forth the criterion to be considered in determining a claimant's ability or inability to engage in substantial gainful activity. These are:

(1) The objective medical facts.

(2) The diagnoses, and expert medical opinions of the physicians on other questions of fact,

(3) The subjective evidence of pain and disability testified to by the claimant, and

(4) Claimant's educational background, work history, and present age.

Considering these elements of proof individually, the Court finds:

(1) That a laminectomy was performed upon plaintiff with a smooth convalescence and that the plaintiff upon later examination had good back motion in all directions, though there was stiffness; that some atrophy was detected in his left leg; and that plaintiff had no mental abnormalities.

(2) One Doctor, Robert A. Pascal, concluded that plaintiff was totally disabled to do any work; however, other doctors found it difficult to connect objective find-

ings with plaintiff's complaints and described him as well-developed and healthy appearing. They found that he handled himself fairly well and carried out his activities without discomfort.

(3) Plaintiff testified before the Hearing Examiner that he had pain all the time and that when he started to do anything he hurt worse. His wife and neighbor also testified that he was bothered with his back pain.

(4) Though plaintiff is limited by his educational background, the record shows that he owns a 29-acre farm and that at one time during the period of his claimed disability he averaged working twenty (20) hours per week on this farm and was able to drive his tractor. These factors indicate that he is not incapable of actively working on his farm. In addition, the Hearing Examiner's findings set forth certain manufacturing jobs that plaintiff would be capable of performing and certainly the evidence appearing in the file does not reveal any reasons which would prevent him from performing these functions.

From an examination of the full record in this case, and taking into consideration the foregoing elements, the Court has not been persuaded by the plaintiff, upon whom the burden of proof rests, that the Secretary's decision is not supported by substantial evidence. On the contrary, the Hearing Examiner carefully considered all elements, and found that the plaintiff had not established impairments, either singularly or in combination, of such severity as to prevent him from engaging in any substantial gainful activity.

In denying plaintiff's claim, the Hearing Examiner found that the medical evidence revealed plaintiff to be well-developed and well-nourished. He found that plaintiff had full use of his ears, eyes, arms and legs; that his manual dexterity was intact; and that his mental facilities were not shown to be significantly impaired. He found further that with these residual mental and physical abilities, the plaintiff could easily tolerate a variety of jobs in the industries to which he was accustomed by training and experience.

It is accordingly concluded that the Secretary's decision in this case is supported by "substantial evidence" and in accordance with the provisions of 42 U.S. C.A. § 405(g), the final decision of the Secretary that plaintiff is not entitled to disability insurance benefits under the Act is affirmed.