**Rader MILLER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**No. 2043.**

United States District Court
S. D. West Virginia.

Aug. 21, 1964.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Donald P. Moore, Acting U. S. Atty., Charleston, W. Va., for defendant.

CHRISTIE, District Judge.

This action was brought by the plaintiff against the defendant pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to obtain judicial review of the final decision of the defendant denying plaintiff's application for a period of disability and for disability insurance benefits under Section 216(i) and Section 223 of the Act, as amended.

The plaintiff filed his instant application for the establishmnet of a period of disability and for disability insurance benefits on April 3, 1962, in which he alleged that he had been unable to work since August 1, 1957, because of "back injury (spine) left leg gives way, kidney trouble."

The plaintiff had previously filed an application for a period of disability on July 26, 1960, and for both a period of disability and disability insurance benefits on September 27, 1960. Following denial of these applications, plaintiff requested and was granted a hearing. On January 31, 1962, the hearing examiner, in effect, ruled that plaintiff was not under a disability, as contemplated by the Act, at the time, or before the filing, of his ap-

plication. Plaintiff requested a review of that decision by the Appeals Council which was denied on March 19, 1962, and no judicial review thereof being sought, such decision became final and binding upon all parties to the hearing. Therefore, the finding in the previous hearing examiner's decision that the plaintiff was not under a "disability" on or before September 27, 1960, (the filing date of his latest application covered by said decision) is final and binding and may be reopened and revised only upon the presentation of new and material evidence.

On the present application, plaintiff's claim was initially denied on September 7, 1962; thereafter he requested a reconsideration and upon reconsideration the initial finding was affirmed October 17, 1962. He thereafter filed a request for a hearing and in accordance with such request, a hearing was held on May 21, 1962, in Logan, West Virginia, at which the claimant appeared in person and by his counsel. Thereafter, on June 17, 1963, the hearing examiner rendered a decision finding that the plaintiff was entitled to both a period of disability and to disability insurance benefits within the effective period of his application. On July 24, 1963, the Appeals Council, on its own motion, decided to review the hearing examiner's decision, and on such review, by decision of March 10, 1964, it reversed the hearing examiner's decision and determined that the plaintiff was not entitled to a period of disability nor to disability insurance benefits, and it is this final decision of the Appeals Council that is the subject of this judicial review.

The issues before the hearing examiner and the Appeals Council were whether the plaintiff was entitled to disability insurance benefits and to a period of disability under the applicable sections of the Act. These issues were dependent upon specific findings as to whether during the effective period of the instant application, filed April 3, 1962, and while the special earnings requirements were met, the plaintiff was under a disability, as defined by the Act, in that he was un-

able to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration, and, if so, the beginning date of such disability. Plaintiff met the special earnings requirements during the effective period of his application and continued to meet them through March 31, 1963. Thus, on the basis of the instant application filed April 3, 1962, the evidence must establish that the plaintiff was under a disability, as defined in the Act, beginning on or before July 1, 1962 for entitlement to disability insurance benefits, and on or before July 3, 1962 for the establishment of a period of disability. However, an additional issue for consideration is whether "good cause" was shown for reopening and revising the previous hearing examiner's decision, issued January 31, 1962. The hearing examiner's decision of June 17, 1963 was to the effect that such good cause was shown to exist, but with respect thereto, the Appeals Council held that no evidence pertaining specifically to plaintiff's condition on or before September 27, 1960 (the last date of the period covered by the prior hearing examiner's decision) had been introduced that could be deemed both "new" and "material". Thus, the Appeals Council found:

(1) That reopening of the prior hearing examiner's decision was not warranted by the evidentiary facts;

(2) That the doctrine of res judicata is applicable with respect to the issue of whether plaintiff was under a "disability", as contemplated by the Act, on or before September 27, 1960; and

(3) That the hearing examiner erred in his decision of June 17, 1963, in holding that the plaintiff became disabled in March, 1960, which was within the period barred by the previous hearing examiner's decision.

In other words, the Appeals Council found that, although the hearing exam-

iner ostensibly held that the prior decision was final and binding, he erred in assuming that the filing date of the application at issue in such decision was February 26, 1960, and that a review of the record clearly established that the only applications then at issue were those filed on July 26, 1960 and September 27, 1960.

The record establishes that plaintiff was born on August 30, 1917, has a second grade education, and can neither read nor write. His work experience consisted of some twenty years' employment in the coal mines. During the first ten years of this period, he set timbers, but for the last ten years, he operated a coal-loading machine. He worked an eight-hour day in a standing position. He was laid off in a general reduction of force in August, 1957, receiving unemployment compensation for six months thereafter. Subsequent to his layoff, he tried to find work with other coal mining concerns but without success. It appears that plaintiff's left leg was broken in an accident in 1940 and after a period of hospitalization, he resumed work and continued work until he was cut off in 1957. This accident left him with a slight shortness of the left leg, causing him to limp upon walking or running.

The action is before the court upon a certified transcript of the record, and the defendant has moved for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

▇▇ In reviewing the case, the court does not hear it *de novo* nor make an independent finding of fact. Instead, its true function is not to determine whether there is evidence to support a conclusion different from that reached by the Appeals Council, but whether there is substantial evidence to support the conclusion it *did* reach. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir.). So it is seen that we are not here concerned with whether we might have drawn a different conclusion from the evidence had we been the trier of fact, for such is not properly within our sphere of authority under the limitation imposed upon us by the statute. Under this limited authority, we are confined to an ascertainment from an impartial examination of the record of whether or not the decision of the Appeals Council, on the basis of the evidence before it, comports with reason and logic. Thus, in reaching this determination, it is necessary that we look to the meaning of the term "substantial evidence." It has been defined innumerable times as meaning more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). In Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962), the court said that the administrative decision should be upheld, whether for or against the claim, even though there is but a "slight preponderance of the evidence on one side or the other." In the performance of this statutory function, the court has reviewed the entire record, and we find that the evidence therein amply and substantially supports the decision of the Appeals Council. We accordingly have no authority to reverse it.

The court can see no useful purpose to be served by engaging in a detailed analysis of the evidence. The synopsis thereof, set out in the opinion of the Appeals Council, is found to be substantially accurate. Suffice to point out, that plaintiff's complaints are by and large referable to the 1940 trauma to the left leg and the malfunction and associated residuals emanating therefrom or produced thereby. There is a remarkable lack of conflict in the clinical findings and X-ray readings of the several doctors. Such conflict as does exist has to do with the effect of the impairment found rather than with the cause thereof.

That the plaintiff has been aggressive and determined in pursuit of a favorable ruling cannot be gainsaid. This apparent complex has caused him to speak rather disparagingly of the doctors and officials of the Social Security office, according to the report of the Counselor of the State Vocational Rehabilitation Division. Such display of intemperance is to be deplored. It is clear from the Counselor's

report (10–16–63) that he was not impressed with the "bona fides" of plaintiff's complaints.

Dr. A. A. Grebe, of Miners Memorial Hospital, in his report of 8–6–62, found no material change in plaintiff's left lower extremity from a previous examination made 1–31–61. On 8–6–62, he did complain of pain in the back, but the doctor, from his examination and observation of the plaintiff at that time, had reason to believe that he was purposely "over-emphasizing his subjective symtomatology of discomfort," since he could find nothing to justify the complaints. He found that plaintiff had "normal range of motion of the entire spine in that he could touch the floor with the finger tips while bending forward with the knees extended." The doctor further stated that "other movements of the spine were well within normal limits." Continuing, the doctor reported that "straight-leg-raising bilaterally could be performed to 90 degrees from the horizontal without any evidence of distress," and that the "neurological examination of the lower extremities was negative." In sum, other than the approximate 1″ shortening in the left leg, which has been with plaintiff since long before he was cut off from work, the doctor could find nothing wrong with him. Concluding, the doctor said that plaintiff could do "virtually any type of work that he sets his mind to", but he did suggest that it would be unwise to put the left leg to "excessive ambulation".

Dr. Carl J. Greever, of Williamson Memorial Hospital, in a report of 6–25–62, revealed that he saw plaintiff in 1961. X-rays of the left leg and lumbar spine showed both bones of the tibia and fibula in "satisfactory condition" and that the lumbar spine showed slight scoliosis (curvature) with convexity to the right, but that the intervertebral spaces were "maintained well." The report further showed that plaintiff was seen in May of that year, complaining of pain in his back and with difficulty in urinating. Diagnosis was made of cystitis (inflammation of the bladder) and pyelonephritis (Kidney infection). These infections accounted for the high temperature. After treatment he was discharged. He was back again on 7–10–61 with similar complaints. He was treated with prostatic massage, and given medication. He was seen again in August and September, 1961, when he was given similar treatment and medication for his prostate trouble. He was last admitted to Dr. Greever's hospital on 10–17–61 and was discharged therefrom 10–21–61. On admission he had temperature of 101 degrees, due no doubt to the infection in the kidneys and bladder. He improved "rapidly". Urological diagnostic procedures were needed, but plaintiff apparently did not have them carried out.

As is seen, there is nothing in Dr. Greever's findings to suggest that plaintiff has any serious back or leg trouble. The prostate trouble was not disabling per se. Furthermore it was and is remediable and cannot, therefore, be made the subject of a claim under the Act.

X-rays of lumbar spine made by Dr. Arthur Levy 7–30–62 showed a scoliosis (curvature) of mild degree. There was some narrowing of the intervertebral space between L–1 and L–2 with *moderate* hypertrophic changes. There were other *minimal* hypertrophic changes in lumbar column. The sacro-iliac joints were normal. It is obvious that these X-ray readings do not afford a basis for the subjective symptoms complained of in the area of the lumbar spine.

As a prerequisite to an administrative finding of disability, as defined by the Act, it must be medically found to be so severe and permanent in nature as to preclude a claimant from engaging in any substantial gainful employment now or in the foreseeable future. Until such a determination is made, the rule laid down in Underwood v. Ribicoff, supra, requiring that consideration be given to the effect a given impairment might have upon a claimant, within the framework of his work history, education, and age, has no application. For it is only when a disabling impairment is medically shown to exist does the secondary question of the effect of such impairment upon claim-

ant's ability to earn a livelihood become material and proper subject of inquiry under the rule laid down in the Underwood case.

Believing, therefore, that the Appeals Council, as the trier of fact, was justified in finding from the record as a whole that an impairment was not medically established within the meaning of the Act, it is the opinion of this Court that the decision of the Appeals Council is supported by substantial evidence, and being so supported, is conclusive on this review.

The defendant's motion for summary judgment is accordingly granted and plaintiff's claim is dismissed.