**Lillie GREEN, as temporary Administratrix of the Estate of Isaac Green, deceased, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 8243.**

United States District Court
E. D. South Carolina,
Orangeburg Division.

Jan. 4, 1965.

Blatt & Fales, Barnwell, S. C., for plaintiff.

Terrell L. Glenn, U. S. Dist. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Dist. Atty., Charleston, S. C., for defendant.

SIMONS, District Judge.

This matter is before the court to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's application for a period of disability and disability benefits under the provisions of sections 216[i] and 223, respectively, of the Social Security Act, as amended [42 U.S.C.A. §§ 416i, 423]. This action is brought pursuant to 42 U.S.C.A. § 405[g]. The only issue before the court is whether the Secretary's decision is supported by substantial evidence.

Plaintiff's intestate,[1] Isaac Green, filed his application for benefits on September 26, 1961, alleging that he became unable to work in February, 1960, because of diabetes. He last met the special earnings requirements on June 30, 1961.

The Hearing Examiner determined that the medical history of plaintiff's intestate conclusively shows that he suffered from diabetes, arteriosclerotic heart disease, hypertension, and a luetic con-

---

1. Plaintiff's intestate died June 16, 1963.

dition prior to June 30, 1961. The examiner also made a determination that he was obese and suffered some kidney damage. He further assumed that a man 54 years old with this medical history could not engage in arduous physical labor.

On August 3, 1960, Dr. Joseph D. Thomas reported that improvement in the diabetic condition of plaintiff's intestate was not anticipated, and that claimant was unable to do physical work. On September 7, 1960, Dr. Raymond K. O'Cain reported claimant to have "sufficient cardiac reserve to do light work."

Plaintiff's intestate was born in 1907 and was fifty-three years old at the time he alleged he became disabled. He was an illiterate Negro who could not even write his name. His entire work history consisted of heavy physical labor, such as carrying mortar and bricks to brick layers on construction projects and "toting" boxes in a garment factory. He was totally unfit for any job requiring the least education and training.

The Hearing Examiner concluded that plaintiff's intestate was not precluded from engaging in any substantial gainful employment due to physical or mental impairments. His decision is based principally on the fact that a medical history of diabetes and hypertension is not in itself disabling, and that there are many kinds of laboring jobs which require only light or medium physical efforts. He admits that perhaps few of the jobs he enumerated in his report existed in plaintiff's intestate's home town of Denmark, South Carolina, but stated that "[t]he claimant, however, has gone afield to seek employment before and there is no reason to assume from the evidence that he cannot do so now." [2]

In view of this entire record and the undisputed medical history of plaintiff's intestate, I find that the Secretary is not supported in his decision by substantial evidence.

The Court of Appeals for the Fourth Circuit, speaking through Judge Sobeloff, in Thomas v. Celebrezze, 331 F.2d 541, 545, [1964], said:

"There really are two steps to a finding of disability: first, a finding of a 'medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration' and, second, a finding that the impairment in fact causes an inability to 'engage in any substantial gainful activity * * *.' Butler v. Flemming, 288 F.2d 591, 593 [5th Cir. 1961]. But in regard to the second step, the abstract 'average man' is not the criterion. The inquiry must be directed to the particular claimant; not to people in general or even claimants in general." [Citation omitted].

In this case the evidence is conclusive that subsequent to February 1960, plaintiff's intestate could no longer engage in arduous physical labor and was totally unfit for any job that required the least education or training.

In Underwood v. Ribicoff, 298 F.2d 850, 853, [1962] in a similar factual situation, the Fourth Circuit stated:

"It is clear from this work history that Claimant's training and experience equip him only for work which involves a considerable amount of physical exertion; that he is dependent for his living upon the ability of his body to function at near capacity. If this be so, then Claimant is unable to perform any substantial gainful activity and is, therefore, disabled within the meaning of the Act. It is our conclusion that this is the case here and that there is no substantial support in this record for the Secretary's find-

2. The claimant testified at the hearing that he was living off the charity of his children and his wife's income of $10 per week since he quit working in 1960; he further testified he could get insulin injections only sporadically when given the money.

ing to the contrary. The Referee's report tends to fractionalize the several ailments and to treat each one in isolation as a clinical medical problem rather than treating it within the framework of Claimant's work history, educational background, and age. He has, on the basis of this record, no educational background that would prepare him for a desk job, nor for any other type of sedentary employment that might reasonably be available to him."

The evidence in the record before the court, considered as a whole, shows that plaintiff's intestate was disabled within the meaning of the Act.

It is therefore ordered that the decision of the Secretary be, and it hereby is, reversed.

Let judgment be entered for the plaintiff.