A transcript of this oral decision will constitute the findings of fact and conclusions of law.

**Mrs. Myrtle G. ALLEN, Plaintiff,**

**v.**

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4687.**

United States District Court
D. South Carolina,
Rock Hill Division.

Nov. 15, 1965.

John Oates Woods, Rock Hill, S. C., for plaintiff.

John C. Williams, U. S. Atty., Greenville, S. C., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, Judge.

Appeal from a "final decision" by the Secretary of Health, Education,

and Welfare denying that plaintiff is entitled to disability benefits under the Social Security Act. Before the Court is the question of whether or not the Secretary's decision is supported by substantial evidence. If so supported, it must be affirmed. This Court has no authority to try the issues *de novo*. Conversely, if undue reliance has been placed upon one portion of the record in the face of overwhelming evidence to the contrary, then the Secretary must be reversed. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

The Secretary found that plaintiff, who was born in 1909, and who quit school after completing the eighth grade, has certain impairments, but that singly or in combination they were not of sufficient severity to prevent her from engaging in some type of substantial gainful activity.

It clearly appears that the Secretary is in error, and that undue reliance has been placed upon one portion of the record to the point where the true picture of plaintiff's disability is obscured and hidden.

Plaintiff's major complaints are that she has a "heart condition," diabetes, and an ulcer. The record reveals varying degrees of substantiation of these impairments, plus testimony anent dyspnea, hypertension, and some renal difficulty.

The Hearing Examiner, taking the different ailments of which complaint was made, discussed each ailment, seriatim, and came to the conclusion that none was particularly severe, or that the impediments were essentially under control. As Judge Bell pointed out in Underwood v. Ribicoff, 298 F.2d 850, 854 (4th Cir. 1962) the report of the Hearing Examiner "tends to fractionalize the several ailments and to treat each one in isolation as a clinical medical problem rather than treating it within the framework of Claimant's work history, educational background, and age."

It is clear that plaintiff has established that she has physical ailments, in combination, of such a character as to preclude her from engaging in any substantial gainful activity, and that there is no substantial evidence to support the finding of the Hearing Examiner.

This plaintiff, who has worked as a seamstress and cloth grader in a cotton mill, and as a seamstress and at the receiving counter in a laundry and dry cleaning plant for many years, by any realistic standard, is "disabled." The evidence of record points only to that conclusion.

The decision of the Secretary is not supported by substantial evidence, and should be reversed. Accordingly, it is ordered that the Secretary's decision is reversed. The Clerk will enter Judgment accordingly.

And it is so ordered.