**John R. PARKER, Jr., Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4755.**

United States District Court
D. South Carolina,
Rock Hill Division.

July 15, 1966.

Kenneth L. Holland, Murchison & West, Camden, S. C., for plaintiff.

Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This is an appeal from a "final decision" by the Secretary of Health, Education, and Welfare, denying plaintiff disability benefits under the Social Security Act. The question before the court is whether the Secretary's decision is supported by substantial evidence. If so supported, it must be affirmed. This court has no authority to try the case *de novo*. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

On January 27, 1964, pursuant to a hearing held December 17, 1963, the hearing examiner concluded that claimant had not established that he had impairments, either singularly or in combination, of such severity as to preclude him from engaging in any substantial gainful activity at any time for which his application of October 17, 1962 was effective. This decision became the "final decision" of the Secretary when the Appeals Council declined formal review.

Plaintiff was born August 31, 1922 and asserted that he became unable to work in May of 1961, at the age of thirty-eight. At that time plaintiff suffered acholosia of the esophagus, in combination with arteriosclerotic heart disease. From a nervous condition or other causes, spasms cause his esophagus to close making it impossible for him to swallow food. Prior to each meal, he is required to use a dilator, a rubber tube which he must swallow, in order to open the esophagus so that he will be able to swallow his food. He suffers chest pains while doing this and he indicates that it causes some strain on his heart. Admitted on one occasion to the Veterans Hospital plaintiff thought he had undergone a heart attack although he was intoxicated at the time—the tests administered to him were negative. Plaintiff's doctor stated that he is "disabled to work", noting that plaintiff's functional restriction was caused by an old infarction of the myocardium. Plaintiff, however, was examined in January 1963 in the Veterans Hospital by electrocardiogram which showed healing of this condition. On January 25, 1963 the Veterans Administration Hospital Summary showed that plaintiff was advised to avoid heavy labor.

Plaintiff completed the eighth grade in school, then worked in his father's store from age sixteen until he entered the army at age twenty. After serving thirty-seven months in the service he returned to his father's grocery store. During this time he took a salesmanship course under his veteran's benefits. Later he sold insurance, operated a service station, and for approximately four years worked as a salesman in his brother's furniture store. From 1956 to May

1961, he operated a combined grocery store and filling station for his father. He receives a pension from the Veterans Administration for a 100 percent non-service-connected disability.

■ For the most part the clinical evidence is uncontradicted. This court would be in error to say that these impairments, either singularly or in combination, could not result in an inability by plaintiff to engage in any substantial gainful activity; yet any objective appraisal of plaintiff's impairments would fail to disclose why plaintiff would not be able to engage in some of the work which he has formerly performed and which was recommended to him by the vocational witness who testified at the hearing, or why he could not engage in his former employment. An objective determination is not the test, however, and the criteria listed by Judge Bell in Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962), requires a subjective analysis. Even though there is some basis in the record that supports plaintiff's contention, yet the probability here is that we have a young man merely frustrated with life because of the vicissitudes of fortune. For this court to place its imprimatur upon such attitude without some other evidence of his subjective disability would probably cause injustice not only to society but to this individual. Moreover, a very wise rule restricts this court solely to a review of the findings of the Secretary as to any fact, and to uphold his findings if supported by substantial evidence. It was the duty of the hearing examiner who heard this case *de novo* to pass upon the credulity of these most important subjective elements. Upon a review of the record considered as a whole the court finds substantial evidence to support his findings, and they are reasonable. It would be irrational for this court to arrive at any other conclusion. The decision of the Secretary is therefore affirmed, and the Clerk will enter judgment accordingly.

And it is so ordered.