Solomon T. **MULLINS**, Jr., Plaintiff,

v.

John W. **GARDNER**, Secretary, Health, Education & Welfare, Defendant.

Civ. A. No. 67–C–46–A.

United States District Court
W. D. Virginia,
Abingdon Division.
April 12, 1968.

Robert T. Winston, Jr., Norton, Va., for plaintiff.

James P. Brice, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

From an adverse decision of the Secretary of Health, Education and Welfare rendered January 12, 1968, plaintiff appeals to this court. The plaintiff heretofore filed an application for disability insurance benefits alleging that his disability commenced in June 1963. This application was denied and after usual procedural steps a hearing was held on plaintiff's claim on February 13, 1967. The plaintiff's claim was denied at his first hearing and was subsequently denied by the Appeals Council. An action was filed in this court to review the action of the Appeals Council. On July 7, 1967 this court vacated the decision of the hearing examiner and remanded the case for further administrative hearing. An additional hearing was held on November 1, 1967 and testimony was received from a vocational expert, Mr. Theodore E. Zurett. The hearing examiner again found against the plaintiff and this decision was affirmed by the Appeals Council. The case is again before this court for review.

In reviewing a final decision of the Secretary of Health, Education and Welfare, the court is cognizant of the substantial evidence rule, which precludes a trial *de novo*. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). Where the evidence is very close, a mere preponderance on one side or the other will not allow the court to disregard the Secretary's determination. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). But even in the face of the substantial evidence rule, the reviewing court must not surrender its traditional function. The court must view the record as a whole and test the Secretary's conclusion against logic and reason. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962). Upon review of the record this court does not find substantial support for the Secretary's decision.

The record reveals evidence that the plaintiff has undergone four operations in the past nine years, including operations for cancer of the throat. Part of the plaintiff's esophagus and thyroid gland have been removed causing plaintiff difficulty in speaking and breathing. Liquid forms in the plaintiff's lungs at

night and plaintiff must begin each day by coughing until he brings forth this liquid from his lungs. The hearing examiner found that plaintiff had bronchitis and emphysema but concluded that the plaintiff was not legally disabled because he could engage in clerical work. The court does not agree with this conclusion that plaintiff is able to engage in clerical work.

■ The record shows that plaintiff is frequently ill and very weak so that he cannot report for work. These frequent absences from work are not due to plaintiff's lack of motivation, because there is objective medical evidence to show that the plaintiff is frequently ill. Dr. Ratliffe has treated plaintiff for the past six years and stated that plaintiff "has respiratory infections every one to three months and has very little resistance in overcoming these infections." When the vocational expert was presented with plaintiff's record of absence from work, he testified that unless plaintiff could find a very understanding employer, it is questionable if plaintiff could find and retain any employment. It is clear that any prospective employer will certainly be concerned over plaintiff's steady attendance. Thomas v. Celebrezze, 331 F.2d 541, 546 (4th Cir. 1964). Assuming that plaintiff is capable of performing clerical work, there remains a serious doubt as to whether any employer would hire plaintiff for such work in view of plaintiff's probable frequent absence. It is not enough that plaintiff has theoretical job opportunities, plaintiff must have a practical reasonable opportunity to engage in substantial gainful activity. Thomas v. Celebrezze, supra. Because of plaintiff's condition he is susceptible to frequent respiratory infections which would cause him to be absent from work, hence, he does not have a reasonable opportunity to find and retain employment.

For the reasons stated in this opinion and upon mature consideration of all records of the proceedings, this court feels that there does not exist in the local economy, jobs for which the plaintiff is still suited by reason of his physical and mental capabilities.

Therefore, it is hereby adjudged and ordered that plaintiff's motion for a summary judgment be and hereby is granted.