833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cecil L. REED, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-3053.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1987.
Decided: Nov. 10, 1987.
 
 Deborah Kay Garton (Hensley, Muth, Garton & Hayes) on brief for appellant.
 Paul S. Ceja (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, James A. Winn, Assistant Regional Counsel, Office of General Counsel Department of Health and Human Services, Michael W. Carey, United States Attorney, Gary E. Pullin, Assistant United States Attorney on brief) for appellee.
 Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 As is not infrequently the case, an appeal of a Social Security case in which the district court has upheld the Secretary's denial of Social Security Disability Insurance benefits wends its way to us heavily laden with sympathetic considerations in favor of the Social Security petitioner. Fortunately or unfortunately, it is not our function to decide appeals as we would have preferred to see them decided if we had been the finder of fact. The fact-finder is the Secretary; if substantial evidence supports the conclusion of the Secretary, the decision should be affirmed. Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 2
 Applying that standard, we must conclude that there was sufficient evidence in the record to sustain the Secretary's determination that the combined effect of the physical disabilities asserted by Cecil L. Reed in support of his claim that he is impaired is adequate to require us not to disturb the finding by the ALJ and by the Appeals Council. The same is a fortiori true when each alleged disability is considered on its own.
 
 
 3
 That does not end the case, however, since Reed also has sought to establish a psychiatric impairment, and we conclude that he has successfully done so, and the record is devoid of sufficient probative evidence and sufficient marshaling of contrary evidence by the Secretary to rebut Reed's proof. A complication lay in the fact that in 1979 his covered status expired and the fact that in this proceeding, which commenced on July 26, 1982 and stretched out over several years, the proof was stale as a consequence. After the substantial lapse of time, the opportunity to ascertain more evidence was slight. Several psychiatrists and psychologists have examined the applicant, Cecil L. Reed, and concluded that he has a severe chronic anxiety disorder, severe depression, personality disorders, including schizoid traits, and borderline intelligence. In 1960, one psychiatrist diagnosed "psychophysiologic musculoskeletal reaction and borderline mental deficiency," prescribing treatments for "neurosis." That doctor reported attempts at treatment were unsuccessful and reached the conclusion that Reed was disabled.
 
 
 4
 Another psychiatrist concluded in February 1983 that Reed was severely impaired with "atypical anxiety disorder, chronic, moderately severe with phobia formation. Mixed personality disorder with schizoid and schizotypal traits."
 
 
 5
 In 1984, an examination by doctors, including another psychiatrist, led to the conclusion of total disability. It was then opined that his severe anxiety disorder and severe depression had existed prior to December 31, 1979. Still another psychiatrist concluded in 1984 that Reed was incapable of gainful employment and that Reed's mental disorders had existed at the same level of severity for over five years.
 
 
 6
 While the Secretary sought to discount that psychiatric testimony because of the lack of medical and psychiatric treatment records, the Secretary did not produce any countervailing psychiatric testimony. The Secretary here seeks to rebut expert psychiatric testimony in favor of Reed with the fact that one of Reed's treating physicians, "a Board-certified physician in neurosurgery, made no comment on any mental or emotional disorder in any of his reports." However, such evidence is irrelevant because a neurosurgeon is not expert in mental or emotional disorders, and the doctor, far from conducting a psychiatric examination, was attending to Reed for severe pain in his face from his episode of shingles.
 
 
 7
 Again, only limiting the approach to attempted refutation of testimony given by Reed without any expert countervailing testimony, the ALJ sought to discount Reed's proof with the testimony by two doctors who in 1975 found Reed's prognosis "good" and recommended vocational rehabilitation. Rebuttal along those lines is, by itself, questionable, because one of the same doctors also examined Reed in 1984 and concluded that his severe mental impairment had existed before 1979. But be that as it may, there was no contrary evidence, and the weight of the testimony should have been evaluated.
 
 
 8
 The attempt of the ALJ to dismiss much of Reed's testimony on the grounds that it was "total speculation bordering on the ridiculous" because it was "based solely upon the claimant's own statements rather than independent observations" unduly reduces the significance of the testimony because it is based on the claimant's statements. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir.1962).
 
 
 9
 Even if there were in the record evidence which upon evaluation might have sustained the conclusion that Reed was not disabled as of the appropriate date in 1979 or earlier, there was not in the ALJ record sufficient consideration of such evidence.
 
 
 10
 This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when the evidence is inadequate.
 
 
 11
 Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). There apparently was no effort made to contact Reed's supervisor in Reed's job with the state board of education where he worked between 1976 and 1977. The Secretary also apparently made no effort to obtain expert psychiatric or psychological evaluations to compare with Reed's proof.
 
 
 12
 The record thus discloses a situation where appropriate consideration from the ALJ and the Appeals Council was lacking, so "the Secretary's denial of benefits cannot stand." Kaufman v. Bowen, --- F.2d ----, No. 87-1518, slip op. at 8 (4th Cir. Sept. 23, 1987). We, therefore, must remand. When we do so, as here, the parties shall each be free to introduce such other relevant evidence as they may wish on any of the points raised in the case. The case is one of considerable age; because the circumstances make the likelihood of additional evidence small, it is probable that entry of any award of benefits must almost inescapably take place. As the record stands now, absent some additional testimony in refutation from the Secretary, we would be strongly inclined to reverse and order an award of benefits.
 
 
 13
 However, the Secretary should not be foreclosed from providing evidence and making out the case for denial of benefits if he finds it possible to do so. We, therefore, limit ourselves to remand and do not simply order an award of benefits. See, however, Kaufman v. Bowen, supra, slip op. at 8-9.
 
 
 14
 REVERSED AND REMANDED.