Lucy Harriet WELLS by her next friend,
Jean M. Wells, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary,
Department of Health, Education
and Welfare, Defendant.

Civ. No. 555.

United States District Court
E. D. North Carolina,
Washington Division.

Aug. 30, 1965.

Blount & Taft, by Fred T. Mattox, Greenville, N. C., for plaintiff.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., for defendant.

LARKINS, District Judge:

## SUMMARY

This cause comes before the Court upon a Motion for Summary Judgment by plaintiff after the Motion for Summary Judgment by the defendant was denied. The plaintiff seeks, by her next friend who is her mother, child's insurance benefits as provided for under the provisions of Title 42 U.S.C.A., Section 405(g). Jurisdiction is in the U. S. District Court.

Plaintiff alleges in her complaint that her father has disappeared and provided no support since the beginning of the year 1950. She further alleges that the Superior Court of Pasquotank County, North Carolina decreed the father dead in May, 1963. On this basis her claim for benefits rests.

Defendant has answered the complaint and denied that it can be determined that plaintiff's father is dead, insisting rather, that the disappearance of the insured is explained. For this reason, defendant insists that plaintiff has not alleged a

claim upon which relief might be granted. Defendant insists that the findings of the Secretary in this case are conclusive.

### FINDINGS OF FACT

Plaintiff's mother filed an application on behalf of plaintiff for child's insurance benefits on November 27, 1962. This claim was based upon the earnings of plaintiff's father, the insured, Mark H. Wells, Jr.

All factors of entitlement to the proceeds were met by plaintiff inasmuch as the wage earner had posted to his earnings record enough total earnings prior to 1951, an amount which would represent sufficient quarters of coverage to be fully insured.

Plaintiff was born on December 28, 1945, and the application was filed on November 27, 1962. Plaintiff, therefore, was under the age of eighteen years of age, and unmarried at the time the application was filed.

The critical question to be determined is the one of whether or not the father who is the insured, Mark H. Wells, Jr., has died.

The mother of the plaintiff, Jean M. Wells, and the insured were married on December 20, 1936. Plaintiff, an only child, was born to the union on December 28, 1945. They resided together in Elizabeth City, North Carolina, where the father was engaged in selling dry goods such as blankets and bedspreads.

On December 26, 1949, the insured took plaintiff and her mother to Greenville, Pitt County, North Carolina, so that the plaintiff and her mother could visit with her maternal grandparents. The insured was supposed to return for his family in one week. He has not been seen by them since that day.

The last time there appears any record of Mark H. Wells, Jr., or his whereabouts, is on January 5, 1950. On that day he conducted the following transactions. He wrote plaintiff's mother a note in which he advised her that he was leaving her, and that he would send her and plaintiff money. He has never sent any money, however, nor has he ever contacted plaintiff or her mother since January 5, 1950.

Insured also sold his interest in his mother's real estate in Edgecombe County, North Carolina, to his sister for a substantial sum, paid to him in cash. He withdrew all his funds on deposit in the Guaranty Bank And Trust Company, Elizabeth City, North Carolina, these funds amounting to some $1,000.00. After getting this cash together on January 5, 1950, and mailing the note to his wife, insured departed for whereabouts unknown with the automobile.

Some two or three weeks after plaintiff's mother received the note of January 5, 1950, from insured she successfully rented the home in Elizabeth City which she owned jointly with insured, and which was mortgaged to the Veteran's Administration under the "G. I. Bill".

In 1954, plaintiff's mother obtained an absolute divorce from the insured on the grounds of two years separation. This was done in order to allow her the opportunity to have the Elizabeth City home sold under foreclosure and have plaintiff's mother then buy back in and thereby obtain clear title. After obtaining this title, she was able to authorize the necessary repairs and maintenance sorely needed on the structure.

Plaintiff's mother has been employed at the First Federal Savings and Loan Association in Greenville since May 11, 1950.

There is no evidence indicating when death occurred and how it might have occurred to insured. Nor does there appear any evidence which would aid the Court in explaining why the insured should decide to disappear as he did. There is evidence to indicate that numerous and diligent efforts have been made to locate insured, all totally unsuccessful.

Plaintiff's mother is the sister-in-law to the Sheriff of Pitt County, and the Sheriff has testified on her behalf at the

hearing. He testified that efforts were made to locate insured for some four or five years after his disappearance, but no trace of him could be found (Tr. 42).

A warrant for non-support was obtained, but to no avail (Tr. 43), and the Sheriff was unable to offer any explanation as to why he disappeared (Tr. 44).

The North Carolina Department of Motor Vehicles was also unable to offer any information or assistance in locating the automobile. No trace of the automobile has ever been found.

In late 1962 or early 1963, real property in Edgecombe County, North Carolina, and belonging to the estate of a deceased aunt of insured, was sold upon being partitioned. Proceeds derived from the sale, in the amount of $2,786.16 were deposited with the Clerk of the Superior Court of Edgecombe County, for the benefit of the insured. He never appeared to make a claim for it although public notice was given.

On May 29, 1963, an adjudication by the Clerk of the Superior Court of Pasquotank County, North Carolina, was made that, for the purposes of the administration of insured's estate, Mark H. Wells, Jr., was conclusively presumed dead. This determination clearly establishes insured's absence for a period in excess of seven years.

On the basis of the above stated facts, the Social Security Administration notified plaintiff, on April 16, 1963, that insured *was not deceased* (Tr. 16). A request for reconsideration of this determination was made by plaintiff and it was granted. The original determination that insured was not deceased was then affirmed.

On June 18, 1963, plaintiff received the following certificate in the mail which stated:

"THE UNITED STATES
OF AMERICA
Honors the Memory of
Mark H. Wells, Jr.

This certificate is awarded by a grateful nation in recognition of de-

voted and selfless consecration to the service of mankind in the Armed Forces of the United States.

s/ John F. Kennedy
President of the United States"

Plaintiff next filed a request for a hearing on September 27, 1963. The Hearing was held and plaintiff's mother testified as did the Sheriff of Pitt County and other witnesses, and exhibits in support of plaintiff's contentions were offered.

On January 15, 1964, the Hearing Examiner made his final determination, and on page 5 thereof, (Tr. 13) he stated:

"Had the wage earner simply disappeared without writing to his wife apprising her of the fact that he was leaving her the Hearing Examiner would have no difficulty in finding that the wage earner was unexplainedly absent from his residence and unheard of for a period of seven years, as required in the Regulations. However, in this case, the wage earner not only wrote to his wife stating that he was leaving her, but on or about the same day arranged to sell his interest in some real estate to his sister (although how this was done without the signature of his wife is unexplained), received a substantial sum of money in payment therefor, withdrew all of the funds on deposit in the Guaranty Bank and Trust Company of Elizabeth City, took the automobile and left. The fact that the automobile has never been heard from or discovered in the State of North Carolina since that time is some indication that the wage earner put a considerable distance between himself and his former home. These actions on the part of the wage earner indicate a desire on his part to be relieved of the obligation of supporting his wife and child, which appears to the Hearing Examiner to explain his departure and his absence from his former place of abode. * * *"

Plaintiff requested review of the Hearing Examiner's decision, and on March 31, 1964, the Appeals Council denied this request thereby causing the Hearing Examiner's decision to become final subject to review only by the Federal District Court.

## CONCLUSIONS OF LAW

■ It is conceded that the historical facts found by the Hearing Examiner are conclusive on the Court if based upon sufficient evidence. Foster v. Fleming, D.C., 190 F.Supp. 908 (1960), and cites therein. But the Court is not bound to accept all findings of the Examiner, especially those inferences and conclusions which are not properly supported by historical facts.

Section 404.705 of the Secretary's Regulations (20 CFR 404.705) is pertinent for purposes of determining this question of entitlement to child's insurance benefits when the insured has been unexplainably absent for seven years or more.

"Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the Act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

■ A simple reading of the Regulation in light of the evidence before the Court (which is the same evidence that was before the Hearing Examiner) indicates the Regulation was read and construed in a very narrow manner by the Hearing Examiner, and this is contrary to the intent; Regulations are not to be restrictive in their application. See Purdham v. Celebrezze, 349 F.2d 828 (4th Cir., July 2, 1965).

The case at hand can be applied in many respects in a manner parallel to the law of the case of Lackey v. Celebrezze, 349 F.2d 76 (4th Cir., July 2, 1965). In Lackey, The Examiner denied the claim of an insured seeking relief for a disability. The Secretary contended that he failed in his proof of disability just as it is here contended the plaintiff failed in her proof of the insured's death.

In Lackey, the Court of Appeals, Sobeloff, J., stated four tests of adequate proof, to be used to determine if a claimant has met his burden. This Court paraphrases them as follows for purpose of this suit: (1) Objective evidence, (2) Expert opinion, (3) Subjective evidence, and (4) Special factors surrounding the insured and the claim. See Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir., 1962).

■ In applying the facts of the instant case to these tests, the facts develop as follows:

(1) Objective facts show insured to have vanished in 1950 without a trace. Experienced and interested law enforcement officers have been unable to develop a single indication of insured's being alive, while an adjudication to the effect that he is now dead has been made.

(2) Expert opinion of law enforcement officers and the North Carolina Department of Motor Vehicles, the Superior Court of Pasquotank County, and the United States of America all consider insured to be dead or his whereabouts unknown for a period in excess of seven years, in fact, nearly fifteen years.

(3) Subjective evidence shows that although his departure may be explained in some respects, his continued absence thereafter for such an extended period is not. This is so in light of the fact that good reason for the original departure fails of proof, as does any explanation for insured's total failure of trying to send money to his wife and child in spite of his promises to do so. He was known as a good provider before his disappearance. Insured has also failed to reappear to claim an inheritance for a substantial sum of money.

(4) Special factors include insured's total lack of good cause for leaving, his expressed desire to go into partnership with his brother, his obvious sense of close family ties and the *completeness of his disappearance.*

It is difficult to conclude that insured is not dead merely on the basis of an explained departure, all the remaining evidence indicating that insured was to continue contacts if he actually intended a departure. The disappearance and continued absence is not explained by the evidence before this Court except by death as presumed after an unexplained absence after the expiration of seven years. The lead of Lackey v. Celebrezze, supra, is followed and the Court finds the facts to indicate an entirely contrary result from that of the Hearing Examiner. It is so ordered.