Cecil ROWE, on behalf of Dewanna
S. Rowe, Infant, Plaintiff,

v.

Robert H. FINCH, Secretary of Health,
Education and Welfare, Defendant.

Civ. A. No. 2518.

United States District Court
S. D. West Virginia,
Huntington Division.

June 2, 1969.

Charles T. Bailey, Logan, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision rendered by a hearing examiner on October 30, 1967, became the final decision of the Secretary on October 4, 1968, when the Appeals Council affirmed, with modifications, the decision of the hearing examiner. The final decision holds that plaintiff is not entitled to child insurance benefits under Section 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d), on the ground that Dewanna S. Rowe was not, as claimed, the "child" of Cecil Rowe, the wage earner, within the meaning of Section 216(e) and (h) of the Act, 42 U.S. C.A. § 416(e) and (h).

■ The standard of review in actions of this nature is found in Section 205(g) of the Act, as amended, and is as follows:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

In short, the Courts are not to try the case *de novo*, and if the findings of the Secretary are supported by substantial evidence, the Courts are bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). Nevertheless, it is said that this provision of the law does not contemplate that the Courts should surrender their "traditional function," but rather that they will view the record as a whole, not for the purpose of making an independent finding, but to determine whether or not the administrative finding is supported by substantial evidence and to see to it that the administrative agency does not act arbitrarily or capriciously in denying just claims or allowing unworthy ones. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Underwood v. Ribicoff, supra; Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1964). In determining the meaning of "substantial evidence," the Courts have held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, supra. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). The Fourth Circuit Court has pointed out that if there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, supra. Therefore, the immediate task of this Court is to determine whether the de-

fendant's denial of plaintiff's claim is supported by substantial evidence.

The facts of the present case, as they emerge from the record, may be summarized as follows:

Janet Sue Bailey, a granddaughter of the wage earner, gave birth to Dewanna, the claimant in this proceeding, on January 4, 1965. At the time of the child's birth, Janet Sue and her husband were having marital difficulties and they were on the verge of a separation. Under these circumstances, the parents of the child had made plans to give custody of the child to wage earner and his wife shortly after her birth, however, a last minute reconciliation was apparently made, for when Mrs. Rowe went to their home in Chicago, Illinois, to get the child, Mr. and Mrs. Bailey informed Mrs. Rowe that they planned to stay together and raise Dewanna themselves. In March of 1965, the Baileys again determined that they could not live together and thereafter, on March 6, 1965, they took Dewanna to the home of the wage earner and his wife. Dewanna has remained in the Rowe home (with the exception of a short period in June and July of 1966) since March of 1965, and the Rowes have raised her as their own child, they being the sole contributors to her support. In June of 1965, the Baileys were divorced and Janet Sue was awarded custody of Dewanna. In October of 1965, Janet Sue signed a statement in which she expressed her desire to give "full custody of the baby" to the Rowes, and in October 1966, the natural parents of Dewanna gave the Rowes permission to adopt the child. On January 13, 1967, an order was entered in the Circuit Court of Logan County, West Virginia, consummating the adoption process therein instituted.

On the basis of an application filed February 9, 1965, the wage earner, Cecil Rowe, became entitled to Social Security disability benefits in August of 1965 for a period of disability commencing January 22, 1965.

At issue in this case is the determination by the Secretary that Dewanna S. Rowe is neither the "legally adopted" nor "equitably adopted" child of the wage earner within the meaning of the provisions of the Social Security Act. Entitlement to benefits as an equitably adopted child is grounded upon Section 216(e) of the Act, 42 U.S.C.A. § 416(e), which provides as follows:

"(e) The term 'child' means (1) the child or legally adopted child of an individual * * *,"

and Section 216(h) (2) (A) of the Act, 42 U.S.C.A. § 416(h) (2) (A), which provides:

"In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application * * *"

Thus, under certain circumstances, where there is clear and convincing evidence of a written or oral agreement to adopt resulting in an "equitable adoption" within the period prescribed by the Act, 42 U.S.C.A. § 402(d), the courts have found the child entitled to benefits under the Act. See Davis v. Celebrezze, 239 F. Supp. 608 (S.D.W.Va.1965). Having reviewed the record in this proceeding we find little support for the contention of plaintiff that an equitable adoption occurred as the result of an agreement between the Rowes and the Baileys. Thus, though there is ample evidence of a giving up of *custody* of the child, at no time was there ever a clear agreement between the parties that the Baileys would give Dewanna to the Rowes and the Rowes would in turn adopt the child. Insofar as the Secretary's decision is based upon a finding that no contract to adopt existed between the parties, we find ample support for it in the record and, accordingly, affirm that part of the decision.

The remaining issue for decision in this case relates to the question of whether or not the actual adoption of Dewanna consummated on January 13, 1967, qualifies her for child's insurance benefits as provided by the Act. The applicable statute, 42 U.S.C.A. § 402(d), provides as follows:

"(d) (1) Every child * * * of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

"(A) has filed application for child's insurance benefits,

"(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time student and had not attained the age of 22, or (ii) is under a disability * * * which began before he attained the age of 18, and

"(C) was dependent upon such individual—(i) if such individual is living, at the time such application was filed * * *

* * * * * *

shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits * * *.

* * * * * *

"(8) In the case of—

"(A) an individual entitled to disability insurance benefits * * *

"(B) * * *

a child of such individual adopted after such individual became entitled to such disability insurance benefits shall be deemed not to meet the requirements of clause (i) or (iii) of paragraph (1) (C) of this subsection unless such child—

"(C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or

"(D) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if—

"(i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption * * *, or

"(ii) such adopted child was living with such individual in such month; * * *."

From a reading of the statute it is obvious that if plaintiff is to qualify for benefits it must be under the provisions of 402(d) (8) (D), which apply in the case of an individual adopted after the wage earner became entitled to disability insurance benefits. The initial condition set forth under this provision requires that the child be "legally adopted * * before the end of the 24-month period beginning with the month after the month in which such individual (the wage earner) most recently became entitled to disability insurance benefits * * *." The month in which a wage earner becomes "entitled to disability insurance benefits" is determined by reference to Section 223 of the Act, 42 U.S.C.A. § 423, which provides that an individual shall be entitled to disability insurance benefits for each month beginning with the first month after his "waiting period." A "waiting period" is defined as "the earliest period of six consecutive calendar months * * * throughout which the individual who files such application has been under a disability * * *." 42 U.S.C.A. § 423(c) (2) (A). Based upon the finding that the wage earner's period of disability commenced on January 22, 1965, the Secretary determined that he became entitled to disability insurance benefits in August of 1965. Thus, under the provisions of Section 402(d) (8) (D), claimant's adoption must have occurred prior to the end of August 1967. In this case the adop-

tion was consummated on January 13, 1967, well within the 24-month period.

■■ In addition to the requirement that the claimant be adopted within the 24-month period, one of two alternative conditions set out in the statute must be met. Of these two conditions, both of which are set out in the preceding paragraph, it is the opinion of the Court that, though Dewanna obviously has not met the requirements of the first, she has met the requirements of the second condition and, accordingly, is entitled to child insurance benefits under the Act. With respect to the provisions of Section 402(d) (8) (D), subsections (i) and (ii), it should first be noted that these subsections are stated in the alternative and are mutually independent conditions. The conditions stated in each subsection refer to the 24-month period requirement of Section 402(d) (8) (D), rather than to the other alternative condition. Properly construed, then, Section 402(d) (8) (D) (ii) should read as follows:

"* * * was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if— * * * such adopted child was living with such individual in such month; * * *."

When Section 402(d) (8) (D) (ii) is set down in the above manner, it can be seen that the "month" described as the month in which such adopted child must be living with the wage earner refers to the month in which the wage earner "most recently became entitled to disability insurance benefits." In this case, the wage earner became entitled to disability benefits in August of 1965, and since the child began living with the wage earner in March of 1965, she meets the requirements of the section as thus construed. In determining the "month" in which the adopted child must be living with the wage earner as provided in subsection (ii), the Secretary referred back to the "month in which began the period of disability" mentioned in sub-section (i). However, in view of the use of the disjunctive conjunction "or" indicating alternative conditions, it is our opinion that the month mentioned in subsection (ii) must be construed by referring to Section 402(d) (8) (D), rather than referring to the other alternative condition. The question presented here is obviously a close one, but in view of the logical basis for the construction advocated above, as well as the policy of liberal construction which is applicable to cases involving the Social Security Act, see Graham v. Celebrezze, 230 F. Supp. 936 (S.D.W.Va.1964), it is the opinion of the Court that this construction of the statute is the correct one. Accordingly, it is concluded that Dewanna S. Rowe does meet the requirements of Section 202(d) of the Social Security Act, as amended, and is entitled to receive child's insurance benefits based on the wage record of the wage earner Cecil Rowe.

So viewed, defendant's motion for summary judgment must be denied.