Cecil **ROWE**, on behalf of **Dewanna S. Rowe**, Infant, Appellee,

v.

Robert H. **FINCH**, Secretary of Health, Education, and Welfare, Appellant.

No. 13964.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1970.

Decided June 11, 1970.

William D. Appler, Atty., Dept. of Justice (William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, and Raymond D. Battocchi, Attys., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief) for appellant.

Charles T. Bailey, Logan, W. Va., for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Circuit Judge, and RUSSELL, District Judge:

HAYNSWORTH, Chief Judge:

The sole question presented in this appeal is whether, under § 202(d) (8) (D) of the Social Security Act, separate child's insurance benefits are available to the adopted child of a disabled wage earner where adoption proceedings did not begin until after commencement of disability and the child did not live with the wage earner at the commencement of disability, but the child did live with the wage earner at the time he first became entitled to disability benefits. The District Court, 304 F.Supp. 221, held that the claimant was entitled to such benefits, but we disagree.

Cecil Rowe became disabled in January 1965 and became entitled to disability benefits in August 1965 after the expiration of the statutory six-month waiting period. In March 1965, Rowe's granddaughter left her husband and brought her daughter, Rowe's great-granddaughter, into Rowe's home where the child has lived ever since. Subsequently, adoption proceedings were instituted which were completed in March 1967, whereupon this application for child insurance benefits was filed.

The pertinent portions of § 202(d) (8) (D) of the Social Security Act, 42 U.S.C. § 402(d) (8) (D), set forth in the margin,[1] provide that benefits shall be payable on behalf of a legally adopted child when the formal adoption is completed within the twenty-four-month period beginning with the month after the month in which the wage earner becomes entitled to the payment of disability benefits, provided that the adoption proceedings were commenced during or before the month in which the disability began or the adopted child was living with the wage earner "in such month."[2]

The plain meaning of the statute seems to us to be that child benefits will be payable if, before or during the month

---

1. "(D) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if—
    (i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption * * *, or

(ii) such adopted child was living with such individual in such month; * * * "

2. These requirements are in addition to the requirement, contained in ¶ (1) (C) of § 202(d), that in cases such as this of a living, disabled parent, the child must be dependent upon that parent either when the application for benefits was filed or at the beginning of the period of disability or at the time the parent became entitled to benefits.

in which the parent's disability arose, the adoption proceedings had been commenced or, even if the formal proceedings had not been commenced, the child had actually been brought in the wage earner's home to live. This is a rational scheme evidencing a congressional intention to provide for such payments on behalf of the adopted child provided there was some evidence that adoption was intended or was at least seriously contemplated at the time of disability. If the child was living in the home or if legal adoption proceedings had been commenced at the time the disability arose, it could safely be assumed that the adoptive intent was sincere and was not an afterthought contrived to increase the amount of public support available to the family unit.[3]

We find no such rational scheme in support of the interpretation appellant urges upon us, that "such month" refers to the month of entitlement, not the month of disability. It is true that the words "such month" in subsection (ii) might be thought referable to the month in which disability payments first became payable if subsection (i), allowing separate child payments if adoption proceedings had been instituted in or before the month of disability, is omitted as an irrelevance and subsection (ii) is construed without reference to it. Such an interpretation, however, premised on nothing more than the fact that subsections (i) and (ii) are separated by the disjunctive "or," only introduces ambiguity which is not otherwise present.

Our reading of the statute, that the proper referent for "such month" contained in subsection (ii) is "the month in which began the period of disability" contained in subsection (i), is strongly supported by the legislative history.[4] The version of § 202(d) (8) (D) initially

passed by the House had no subsections and required only that the child be adopted within two years of the month in which the adopting parent became entitled to disability insurance benefits. The two subsections, (i) and (ii) were introduced in the Senate, and the Senate report said of the revised section:

> "Under this exception, a child who is adopted after the individual becomes disabled cannot become entitled to child's benefits unless he is the natural child or stepchild of the individual, or he is adopted within two years after the month in which the individual becomes entitled to disability insurance benefits and either the adoption proceedings are instituted in or prior to the month in which the parent's period of disability began or the child was living with the parent in such month." (S.Rep.No.1856, 86th Cong., 2d Sess. (1960), p. 72, U.S.Code Cong. & Admin.News 1960, p. 3679.)

The Conference report's description of the Senate amendment is in a similar vein:

> "The Senate amendment added an additional requirement with respect to adopted children so that in order for such a child to get benefits the worker must have instituted adoption proceedings in or before the month in which his period of disability began or the child must have been living with him in such month. The House recedes." (H.R.Rep.No.2165, 86th Cong., 2d Sess. (1960), pp. 19–20, U.S.Code Cong. & Admin.News 1960, p. 3753.)

■ The statute, of course, should be liberally construed to effectuate the congressional intention to provide disability payments for all qualifying persons, but we should not expand the statute by look-

---

3. We do not mean to suggest that there is any evidence that there was such a motivation in this case. We are only stating what we believe to be the obvious congressional purpose behind these provisions.

4. We also note that the pertinent administrative regulations have consistently interpreted the statute to require that the child be living with the adopting parent in the month in which the period of disability began. 20 C.F.R. § 404.323(a) (5), 29 F.R. 12285.

ing at less than all of it. It should be given a natural reading which produces a harmonious result and which is entirely consistent with the clear legislative history. If we look at the whole, the light cast by subsection (i) on subsection (ii) cannot be ignored.

██ We conclude that disability payments on behalf of the adopted great-grandchild are not authorized by the statute since the child was not living with Cecil Rowe during the month in which his disability arose nor had he then commenced formal adoptive proceedings.

Reversed.