**Alva B. WITT, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary, Health, Education & Welfare, Defendant.**

**Civ. A. No. 70-C-28-A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Oct. 7, 1970.

---

James R. Moore, Abingdon, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This action is commenced under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare, which found that the claimant was not entitled to a period of disability or disability insurance benefits. This court may not disturb the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir. 1962). For the reasons which follow, the court holds that the findings of the Secretary are not supported by substantial evidence.

Claimant suffers from black-out spells and mental disorders. His last employment was as a prison guard from 1954 to 1968. While at work on September 26, 1968 claimant had a black-out spell and prisoners escaped. He was laid off for sixty days and was called back on December 2, 1968. He then worked until February 4, 1969 when he had another black-out spell, let more prisoners escape, and was laid off again. He has not worked since that date.

From the medical evidence presented the hearing examiner found that "claimant's impairments are not severe enough to prevent substantial gainful activity * * *." 42 U.S.C. § 423(d) (2) provides:

* * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The hearing examiner also found:

[Claimant] does not have an impairment or impairments in combination of such severity as to preclude him from engaging in his former work as a prison guard and that should he find difficulty in finding re-employment in this work, he has the residual capacity to transmit and adapt his former work experience to other types of security guard work, such as night watchman in private industry or as a gate keeper. He also has vocational skill from his previous work experience to drive a truck or a taxicab or return to farming since he had taken a four-year course in agriculture under the G.I. bill.

That claimant is not fit for his former employment should have been without question. However, the hearing examiner found that claimant could return to work as a prison guard. Prisoners had twice escaped while claimant was blacked-out. The prison officials have already dismissed claimant twice and they could not be expected to give him a third chance. As to finding work as a security guard or night watchman, the court does not believe anyone would knowingly hire claimant for such a posi-

tion. The hearing examiner made his findings of available employment opportunities without the aid of a vocational expert or other competent evidence.

For the foregoing reasons this claim is remanded to the Secretary for a further hearing to establish with the aid of a vocational expert or other competent evidence whether work is available for claimant. This would include claimant's right to present additional medical evidence relating to his ability to perform such work.

The clerk is directed to certify copies of this opinion and judgment to counsel of record.