**Ginger M. ALDERMAN, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. CIV.A. 7:03CV00153.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 8, 2003.

Charles Dodson Bennett, Jr., Charles D. Bennett, Jr., Roanoke, VA, for Ginger M. Alderman, plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Jo–Anne B. Barnhart, Commissioner, Social Security Administration, defendant.

CONRAD, District Judge.

## MEMORANDUM OPINION

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3).[1] As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. *See* 42 U.S.C. § 405(g).

The plaintiff, Ginger M. Alderman, was born on July 21, 1953, and eventually received her GED. Ms. Alderman has past work experience as a sales representative, telemarketer, credit card salesperson, and cashier. She last worked on a regular basis in 1998. On June 25, 1998, Ms. Alderman filed an application for supple-

mental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on June 10, 1996, due to pain in her neck, shoulders, back, legs, and right hip. Ms. Alderman now maintains that she has remained disabled to the present time.

Ms. Alderman's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated November 4, 1999, the Law Judge also determined that Ms. Alderman is not disabled. The Law Judge found that plaintiff suffers from scoliosis and adjustment disorder with anxious mood. The Law Judge also found that Ms. Alderman's "activities of daily living are moderately restricted" by her mental limitations, and "claimant often has deficiencies of concentration." (TR 20). The Law Judge determined that while Ms. Alderman's impairments are severe within the meaning of the Regulations, they do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. *See* 20 C.F.R. § 416.920(d). The Law Judge concluded that plaintiff has the residual functional capacity to perform sedentary work. Given such a residual functional capacity, and after consideration of plaintiff's age, education, and prior work experience, the Law Judge determined that plaintiff is capable of returning to her past work as a cashier or credit card salesperson. Accordingly, the Law Judge found that Ms. Alderman is not disabled and that she is not entitled to supplemental security income benefits. *See* 20 C.F.R. § 416.920(e). The Law Judge's opinion was adopted as the final decision of the Commissioner by

---

1. The case was originally transferred to the undersigned while serving as United States Magistrate Judge, pursuant to consent of the parties under 28 U.S.C. § 636(c)(2). The un-

dersigned has since been invested as United States District Judge but will maintain this case assignment.

the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, the plaintiff now appeals to this court.

■ While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff was disabled for all forms of substantial gainful employment. *See* 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills and age. *Vitek v. Finch,* 438 F.2d 1157, 1159–60 (4th Cir.1971); *Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir.1962).

■ After a review of the record in this case, the court is unable to conclude that all aspects of the Law Judge's decision are supported by substantial evidence. Although the record supports the Law Judge's assessment of plaintiff's musculoskeletal impairments, the court is unable to determine that plaintiff's non-exertional limitations have been properly evaluated. The court believes that the Law Judge erred in failing to give reasons for finding that Ms. Alderman can return to her past work as a telemarketer or credit card salesperson, despite the Law Judge's determination that plaintiff "often has deficiencies of concentration, persistence, or pace." The court finds "good cause" for remand of her case to the Commissioner for further development and consideration of plaintiff's past work experience.

Stated briefly, the medical record in this case establishes that Ms. Alderman has been examined on multiple occasions for complaints of back pain and muscle soreness. However, there is substantial evidence to support the Law Judge's determination that plaintiff's back pain is not disabling. When Dr. Gerald Roller examined plaintiff's back in May of 1998, he did not find any significant localized areas of tenderness, and Ms. Alderman's range of motion was normal. (TR 155). Similarly, examination notes from the emergency room at Carilion Bedford Memorial Hospital on December 8, 1998 indicate that plaintiff's back was nontender with no evidence of muscle spasms. (TR 181). Dr. Roller opined that plaintiff's complaints of back pain are greatly exaggerated. (TR 155). Likewise, Dr. Clement Binnings opined that Ms. Alderman is primarily a drug seeker, after his examination revealed that plaintiff had full range of motion in her neck and hips. (TR 184–185). Therefore, the court finds substantial evidence to support the Law Judge's determination that plaintiff's musculoskeletal problems are not so severe as to prevent performance of sedentary work.

The court is unable to conclude, however, that the Law Judge properly considered plaintiff's non-exertional limitations. In denying plaintiff's claim for supplemental security income benefits, the Law Judge discredited the opinion of plaintiff's treating physician, Dr. Verna L. Lewis, regarding plaintiff's mental impairments. Dr. Lewis opined that Ms. Alderman would have trouble performing a regular job on a sustained basis, because plaintiff has difficulty concentrating and cannot remain on task. (TR 196–197). The Law Judge discredited Dr. Lewis's mental impairment evaluation, since "Dr. Lewis is a specialist in physical medicine and rehabilitation." (TR 20). Nonetheless, the Law Judge indicated on the psychiatric review form attached to her decision that Ms. Alderman "often" has deficiencies of con-

centration, persistence, or pace resulting in failure to complete tasks in a timely manner. (TR 24).

During the administrative hearing, the Law Judge questioned the vocational expert regarding the impact that concentration deficiencies and severe headaches would have on an individual's ability to work. The vocational expert, Dr. Dean L. Hummel, responded as follows:

> Well, Your Honor, it would impact to the extent that it would interfere with the focus and the attention to the job, the task at hand. If it impacted the pace of the worker, that is doing the job in the time expected them to take to do the job, or the persistence in sticking to the job. If this condition would impact also on attendance and job requirements so that quality work wouldn't be performed, then I don't think that I would be able to cite jobs if those factors impacted to the degree I've indicated.

(TR 46). Despite Dr. Hummel's testimony regarding the vocational impact of concentration deficiencies and without further information from Ms. Alderman about the requirements of her past work, the Law Judge concluded that she can return to her past jobs as a telemarketer or credit card salesperson.

Social Security Ruling 82–62 explains the procedures for determining whether a claimant is capable of performing past relevant work. The ruling explicitly states that if a claimant has a mental or emotional impairment, "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety ... in order to determine if the claimant's mental impairment is compatible with the performance of such work." Furthermore, in finding that an individual has the capacity to perform a past relevant job, the Law Judge's decision must include a specific "finding of fact as to the physical and mental demands of the past job." In this case, the Law Judge failed to discuss the physical or mental demands of plaintiff's past work as a telemarketer or credit card salesperson, and the Law Judge's decision includes no analysis of whether Ms. Alderman's concentration deficiencies would impact her ability to perform these jobs. The court finds that the Law Judge's conclusory determination that Ms. Alderman can return to her past work as a telemarketer or credit card salesperson does not meet the requirements of Ruling 82–62.

The court does not dispute the Law Judge's decision to discredit Dr. Lewis' opinion regarding plaintiff's mental limitations. However, the court believes that it was incumbent on the Law Judge to offer some justification for finding that Ms. Alderman can return to her past work, since the Law Judge found that plaintiff often has deficiencies of concentration, persistence, or pace, and the vocational expert testified that an individual's concentration deficiencies could negatively impact her ability to work. It may well be that upon further evaluation of plaintiff's past work experience, the Commissioner can show that plaintiff's concentration deficiencies would not prevent her from returning to one or more of her past jobs. However, this conclusion cannot be made based on the current record, and thus, it appears that the case must be remanded for further development.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Accordingly, upon plaintiff's showing of "good cause," the court must remand this case to the commissioner for further development and consideration. *See* 42 U.S.C. § 405(g). If the Commissioner is unable to decide this matter in plaintiff's favor on the basis of

the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

### FINAL JUDGMENT AND ORDER

For reasons set forth in a Memorandum Opinion filed this day, it is now

### ADJUDGED AND ORDERED
as follows:

1. The case shall be and hereby is REMANDED to the Commissioner for further consideration and development as specified in the Memorandum Opinion filed herewith this day; and

2. Upon remand, both sides will be allowed to present additional evidence and argument.

The parties are advised that the court considers this remand order to be a "sentence four" remand. *See Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, this order of remand is a final order. *Id.* If the Commissioner should again deny plaintiff's claim for benefits, and should plaintiff again choose to seek judicial review, it will be necessary for plaintiff to initiate a new civil action within sixty (60) days from the date of the Commissioner's final decision on remand. *See* 42 U.S.C. § 405(g).

The Clerk is directed to send certified copies of this Order to all counsel of record.